IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD WOLFORD, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| | ) |
| v. | ) Civ. Action No. 09-731 |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Pending before the Court is the *pro se* "PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 Title 28 U.S.C. § 2403 Certify Constitutionality of Statute FRCP 5.1 and 24" ("Petition") filed by Harold Wolford ("Wolford") [Doc. #5], which we construe as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. For the reasons set forth below, Wolford's Petition is dismissed.

**A. Petitioner brought this Petition against the wrong respondent.**

In its "Response to Petition for Writ of Habeas Corpus" ("Government's Response"), the Government argues that the Petition should be dismissed because the only proper respondent to a habeas petition is the warden of the prison where the inmate was incarcerated at the time he filed the petition. Government's Response, pp. 3-4. We agree. As explained by the United States Supreme Court in Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711 (2004): "It is well established that the proper respondent in a 28

U.S.C. §2241 habeas petition is the warden of the institution where the petitioner is incarcerated at the time the petition is filed." Id. at 447, 124 S.Ct. at 2725. Wolford is a federal prisoner currently incarcerated at the North East Ohio Correctional Center in Youngstown, Ohio pending adjudication of criminal charges filed against him for allegedly violating 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii) (possession with intent to distribute 5 grams or more of crack cocaine) and 18 U.S.C. § 924(c)(1)(A)(1) (unlawful possession of a firearm in furtherance of a drug trafficking crime). Therefore, Wolford should have named the warden at the North East Ohio Correctional Center as the respondent in his Petition for Writ of Habeas Corpus, not the United States of America, and his failure to do so requires that the Petition be dismissed.

**B. Public Law 80-772 and 18 U.S.C. § 3231 were properly enacted and do not violate the United States Constitution.**

Wolford contends that Public Law 80-772 and 18 U.S.C. §3231 are unconstitutional and void ab initio and therefore, this Court lacks jurisdiction and must release him from detention. Writ of Habeas Corpus, p. 1. The legal basis for this contention is that "[t]hese legislative acts violate the Quorum, Bicameral and/or Presentment Clauses mandated respectively by Article I § 5, Cl. 1, and Article I § 7, Cls. 2 and 3, of the Constitution of the United States." Id.

In response, the Government argues that it is well-settled that 18 U.S.C. § 3231 was properly enacted and is binding, and therefore, the Petition fails on its merits. We

agree. Therefore, even if the United States of America were the proper respondent in this case, Wolford's Petition still would be dismissed.

With respect to the criminal case filed against Wolford, we previously have denied multiple motions filed by the defendant *pro se,* including a *pro se* petition to dismiss the indictment against him [Doc. #40 of CR 08-29] wherein Wolford argued that he was being imprisoned in violation of the United States Constitution because, *inter alia*, 18 U.S.C. § 3231, which bestows jurisdiction over violations of federal crimes on the federal district courts, was not enacted in a constitutional manner because there was a *sine die* recess in Congress between the adoption of Public Law No. 80-772 by the House of Representatives and its adoption by the Senate, in violation of the United States Constitution, and therefore, 18 U.S.C. § 3231 and all of Title 18 is unconstitutional and this Court lacked jurisdiction to prosecute him. With respect to this argument, ultimately we held "that 18 U.S.C. § 3231 and all of Title 18 was properly enacted and confers this Court with jurisdiction over the crimes with which Wolford has been charged." See May 13, 2009 Opinion [Doc. #42 of CR 08-29], p. 3 (attached as Exhibit A). We also held "that defendant's continued incarceration pursuant to our jurisdiction under § 3231 does not violate the habeas standard. Nor have Wolford's due process rights been violated." Id. at 5.

Wolford's present Petition raises the same arguments that he raised in his earlier petition to dismiss the indictment. Accordingly, we dismiss Wolford's § 2241 Petition for

3

the same reasons we dismissed Wolford's motion to dismiss the indictment against him: Public Law 80-772 and 18 U.S.C. § 3231 were properly enacted and do not violate the United States Constitution, 18 U.S.C. § 3231 gives this Court jurisdiction over the federal crimes with which Wolford is charged, and Wolford's continued incarceration pursuant to our jurisdiction under § 3231 does not violate the Constitution.

    An appropriate Order follows.

September 22, 2009

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

cc:    counsel of record
        Harold Wolford
        #09750-089
        NEOCC
        2240 Hubbard Road
        Youngstown, OH 44505